IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SHERYL MERRITT; KATHY WEBB, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR INTERPLEADER AND INJUNCTIVE RELIEF** |

Plaintiff The Lincoln National Life Insurance Company ("Lincoln"), for its Complaint in Interpleader, alleges and says as follows:

## PARTIES

1. Lincoln is an insurance company existing under the laws of the state of Indiana with its principal place of business in Radnor, Pennsylvania.

2. Defendant Kathy Webb ("Ms. Webb") is a citizen and resident of Lansdowne, Delaware County, Pennsylvania, residing at 171 West Albemarle Ave.

3. Defendant Sheryl Merritt ("Ms. Merritt") is a citizen and resident of Odessa, Pasco County, Florida, residing at 15302 Lake Maurine Drive.

4. James H. Stinebiser (the "Decedent") was the owner/annuitant of two annuity contracts issued by Lincoln described below. Upon information and belief,

Ms. Webb is Decedent's cousin and Ms. Merritt is Decedent's niece. Ms. Webb and Ms. Merritt are collectively referred to herein as the "Claimants."

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1335 because this is an interpleader action in which two or more diverse claimants are claiming to be entitled to money of more than $500.00.

6. This Court has personal jurisdiction over Claimants pursuant to Federal Rule of Civil Procedure 4(k)(1)(C) and 28 U.S.C. § 2361, which authorizes nationwide service of process in this action, and the exercise of personal jurisdiction over Claimants comports with due process.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391 because Ms. Merritt resides in this district.

## CLAIM FOR INTERPLEADER

8. Lincoln brings this action for interpleader relating to two variable annuity contracts bearing contract numbers 95-3123078 and 95-3142457 issued by Lincoln to Decedent (collectively, the "Annuity Contracts"). A redacted copy of the annuity with contract number 95-3123078 is attached as **Exhibit A**. A redacted copy of the annuity with contract number 95-3142457 is attached as **Exhibit B**.

9. The Annuity Contracts provide for a death benefit upon the death of Decedent.

10. At the time the Annity Contracts were issued, Ms. Merritt was designated as the sole primary beneficiary of the death benefit.

11. On February 1, 2021, Decedent submitted change of beneficiary forms for the Annuity Contracts. In the change of beneficiary forms, Decedent designated Ms. Webb as the sole primary beneficiary of the death benefit. A redacted copy of the change of beneficiary form for contract number 95-3123078 is attached as **Exhibit C**. A redacted copy of the change of beneficiary form for contract number 95-3142457 is attached as **Exhibit D**.

12. Decedent died on May 31, 2021, at which time the Annuity Contracts' death benefits became payable.

13. Upon information and belief, Ms. Merritt contests the validity of the beneficiary changes because she contends that Decedent had Alzheimer's disease at the time the changes were made.

14. On November 5, 2021, Lincoln sent Claimants a letter informing them of the competing claims. A copy of the November 5, 2021 letter is attached as **Exhibit E**.

15. In light of the adverse claims from Claimants, and the associated factual and legal issues involved, Lincoln cannot determine the proper beneficiary of the death benefits without risking exposure to double liability.

16. Claimants have been unable to reach an agreement as to how the death benefits should be paid.

17. As a mere stakeholder, Lincoln has no interest in the death benefits (except to recover attorneys' fees and costs associated with this action). Lincoln therefore respectfully requests that this Court determine to whom the death benefits should be paid.

18. Lincoln will deposit into the registry of the Court the death benefits upon issuance of an order authorizing such payment.

WHEREFORE, Lincoln prays for judgment as follows:

(a) That Claimants be ordered to interplead and settle amongst themselves their respective claims to the death benefits;

(b) That Lincoln be permitted to pay the death benefits into the registry of the Court;

(c) That Claimants each be restrained from initiating any other action or proceeding in any state or federal court against Lincoln for recovery of the death benefits or any part thereof;

(d) That Lincoln be found to have no further liability with respect to the Annuity Contracts beyond depositing the death benefits into the registry of this Court;

(e)   That Lincoln be discharged and dismissed with prejudice from this case; and

(f)   That the Court award such other and further relief, including attorneys' fees and costs, to which Lincoln is entitled in law or equity, as this Court deems just and proper.

This the 3rd day of February, 2022.

*/s Kyle W. Robisch*
Kyle W. Robisch
FL Bar No. 113089
**Bradley Arant Boult Cummings LLP**
100 North Tampa Street, Suite 2200
Tampa, FL 33602
Telephone: 813.559.5595
Facsimile: 813.229.5946
Primary email: krobisch@bradley.com
Secondary email: tbennett@bradley.com
Secondary email: tbush@bradley.com

*Attorney for The Lincoln National
Life Insurance Company*